UNITED STATES of America,

v.

Anissia L. LAHR, Appellant.

No. 01–1242.

United States Court of Appeals,
Third Circuit.

Submitted July 29, 2002.

Decided Nov. 4, 2002.

Before BECKER, Chief Judge, ROTH
and RENDELL, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Appellant Anissia L. Lahr appeals a fi-
nal judgment of conviction from the United
States District Court for the Western Dis-
trict of Pennsylvania. Lahr had pled
guilty to criminal conspiracy in violation of
18 U.S.C. § 371 and aiding/abetting a bank
robbery in violation of 18 U.S.C. § 2113(a).
She was sentenced to 40 months imprison-
ment and 3 years supervised release.
Lahr raises three issues for appeal: (1) the
District Court erred in not finding aber-
rant behavior under U.S.S.G. § 5K2.20, (2)
the District Court erred in assessing a
two-level increase for restraint of a victim
pursuant to U.S.S.G. §§ 2B1(4)(B) and
3A1.3, and (3) the District Court erred in
determining that a firearm was used in the
offense, when applying U.S.S.G.
§§ 2B3.1(b)(2)(C) and 1B1.3.

We have appellate jurisdiction pursuant
to 28 U.S.C. § 1291. We exercise plenary
review over sentencing guideline determi-
nations and clearly erroneous review over
the District Court's factual determinations.
See United States v. Torres, 251 F.3d 138,
145 (3d Cir.2001).

First, Lahr argues that the District
Court erred in finding that her conduct did
not meet the definition of aberrant behav-
ior as set out in U.S.S.G. § 5K2.20. In view
of the nature of the offense here, including
the fact that Lahr discussed the bank rob-
bery with her co-defendant several months
before the actual robbery, that the day
before the robbery Lahr leased a vehicle
which she knew was going to be used in
the robbery, that she drove her co-defen-
dant to the bank and acted as a look-out
from the car, and that she then returned
the car to the rental agency all indicate, as
the District Court found, that Lahr's "con-
duct was premeditated before and after
the event. . . ." We agree that Lahr did
not meet the definition of aberrant behav-
ior in § 5K2.20.

Second, Lahr argues that the District
Court erred in assessing a two-level in-
crease for restraint of a victim pursuant to
U.S.S.G. §§ 2B1(4)(B) and 3A1.3. The Dis-
trict Court, after thoroughly reviewing the
evidence before it, made a factual determi-
nation that the acts in question were rea-
sonably foreseeable to Lahr and that this
contention was without merit. Our stan-
dard of review is clearly erroneous and we
cannot find any clear error in the District
Court's factual analysis and determination
of this issue.

Finally, Lahr argues that the District
Court, when applying U.S.S.G.
§§ 2B3.1(b)(2)(C) and 1B1.3, erred in de-
termining that a firearm was used in the
offense. Lahr argues that there is not
sufficient evidence, established by a pre-
ponderance, to show that a weapon was

used in the commission of the crime. However, the District Court found that sufficient evidence did exist to show that Lahr was aware that an operable handgun was in the possession of her co-defendant. Again, this factual determination by the District Court was not factually erroneous.

For the foregoing reasons, we will affirm the judgment of the District Court.